UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARSHALL FEATURE RECOGNITION, LLC<br><br>Plaintiff,<br><br>v.<br><br>WENDY'S INTERNATIONAL, INC.,<br><br>Defendant. | **Civil Action No: 14-CV-865**<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Dated: July 30, 2014     Respectfully submitted,

By: */s/ Justin Kaplan*
**Parikh Law Group, LLC**
Justin Kaplan
Illinois Bar No.: 6298464
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606 (312) 725-3476 (tel.) **ATTORNEY FOR PLAINTIFF MARSHALL FEATURE RECOGNITION, LLC**

i

**TABLE OF CONTENTS**

I. PROCEDURAL HISTORY………………………………………………………….1

II. SUMMARY OF ARGUMENT…………………………………………………….1

III. LEGAL STANDARDS…………………………………………………………….1

    a. Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)…………………………1

    b. The Pleading Standard…………………………………………………….2

IV. ARGUMENT……………………………….……………………………………3

    a. MFR Has Properly Plead Infringement………………………………………3

    b. Wendy's Can and Has Directly Infringed the '750 patent…………………4

V. CONCLUSION…………………………………………………………….8

# **TABLE OF AUTHORITIES**

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)……………..……1
*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)……………….….………..2, 3
*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937(2009)…………………………………..2, 3
*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)…………………………………….…..2
*Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)…………………..2
*Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996)………………………………………..2
*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 164, 113 S. Ct. 1160 (1993).…………………………………………………………………..2
*Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683 (1974)…………………………………..2
*Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423 (7th Cir. 1996)……..2
*Swierkiewicz v. Sorema*, 534 U.S. 506, 512, 122 S. Ct. 992 (2002)……………………...2, 3, 6
*Tuchman v. DSC Comms.*, 14 F.3d 1061, 1068 (5th Cir. 1994)……………………………..3
*McManus v. Fleetwood Enters.*, 320 F.3d 545, 551 (5th Cir. 2003)………………………..3
*Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275 (5th Cir. 1990)…………………………….3
*In re Bill of Lading*, 681, F.3d 1323, 1337 (Fed. Cir. 2012)……………………………….3, 4
*Lucent Techs., Inc. v. Gateway, Inc*., 580 F.3d 1301 (Fed. Cir. 2009)…………………...…..5
*Aristocrat Techs. Austl. PTY Ltd. v. Int'l Game Tech.,* 709 F.3d 1348 (Fed. Cir. 2013)………..5
*Uniloc Lux., S.A. v. eClinicalWorks, LLC,* 2013 U.S. Dist. LEXIS 183407, 2013 WL 6925804 (C.D. Cal. Aug. 29, 2013)…………………………………………………………..……..5
*Carnegie Mellon Univ. v. Marvell Tech. Group, LTD*, Case No. 2:09-cv-00290 (W.D. Pa. Dec. 26, 2012)……………………………………………………………………………..5, 6
*Mellon Univ. v. Marvell Tech. Group, LTD*, 2013 U.S. Dist. LEXIS 135208, 2013 WL 5332108 (W.D. Pa. Sept. 23, 2013). …………………………………………………………..5, 6
*BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007)…………………….…..5
*Muniauction, Inc. v. Thomson Corp*., 532 F.3d 1318 (Fed. Cir. 2008)…………………….…..5
*Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 1272 (Fed. Cir. 1986)…………….7
*Michalic v. Cleveland Tankers, Inc.,* 364 U.S. 325, 330, 81 S. Ct. 6 (1960)……………….7
*Tuchman v. DSC Comms.*, 14 F.3d 1061, 1068 (5th Cir. 1994)……………………………..7

FED. R. CIV. P. 8…..……………………………………………………………………….2
FED. R. CIV. P. 11.…………………………………………………..……………….3, 7
FED. R. CIV. P. FORM 18…………………………………………………………………..4
FED. R. CIV. P. 84..……………………………………………………………………….4

## I. PROCEDURAL HISTORY

On February 7, 2014, Plaintiff Marshall Feature Recognition, LLC ("MFR") filed suit against Defendant Wendy's International, Inc. ("Wendy's"). (Dkt. 1). On April 2, 2014 Defendant Wendy's filed its motion to dismiss Plaintiff's Original Complaint. (Dkt. 11). On June 25, 2014 Plaintiff MFR filed a Motion For Leave To File Amended Complaint. (Dkt. 21). On July 2, 2014 this Court denied Plaintiff's Motion For Leave To File Amended Complaint. ((Dkt. 23). On July 23, 2014 Plaintiff MFR filed a Voluntary Notice of Partial Nonsuit foregoing its claims of indirect infringement and systems claims in this matter. (Dkt. 24). Plaintiff now responds to Defendant's Motion to Dismiss Plaintiff's Original Complaint and addresses the remaining direct infringement of method claims allegations in its Original Complaint.

## II. SUMMARY OF ARGUMENT

Plaintiff MFR has properly plead a theory of infringement. Plaintiff's Original Complaint properly states claims upon which relief may be granted and alleges specific facts in support thereof, thereby fulfilling the pleading standard of Fed. R. Civ. P. 8 and Form 18. At the pleading stage, nothing more is required. Plaintiff's allegations of direct infringement of method claims are valid and must stand due to, at least, the performance of all steps of the method claims of U.S. Patent No. 6,886,750 ("the '750 patent"), by Wendy's during testing, demonstration, implementation, and maintenance of the accused instrumentality.

For the reasons previewed above and discussed below, Plaintiff MFR respectfully requests that the Court deny Defendant's Motion.

## III. LEGAL STANDARDS

### a. Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)

1

Motions to dismiss for failure to state a claim are viewed with disfavor and are seldom granted. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). To survive a motion to dismiss, a complaint must contain sufficient factual matter which, when accepted as true, states a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* 550 U.S. at 556; *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937(2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Thus, in ruling upon a Rule 12(b)(6) motion, the Court cannot decide disputed fact issues. Defendant bears a high burden, and the complaint should not be dismissed unless it appears beyond a doubt that the Plaintiff can prove no set of facts which would entitle it to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957); *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996). A motion to dismiss for failure to state a claim admits the facts alleged in the complaint, but challenges the plaintiff's right to any relief base on those facts. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 164, 113 S. Ct. 1160 (1993). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff can offer evidence to support its claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683 (1974). As a result, a court must draw all reasonable inferences in favor of the plaintiff. See *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429 (7th Cir. 1996).

b. **The Pleading Standard**

2

A complaint must contain "a short and plain statement" of the claim. FED. R. CIV. P. 8(a); *Swierkiewicz v. Sorema*, 534 U.S. 506, 512, 122 S. Ct. 992 (2002). Each averment must be simple, concise and direct. FED. R. CIV.P. 8(e)(1). The pleading standard under Rule 8 does not require detailed factual allegations, but does require more than an unadorned accusation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). If no specific provision imposes a heightened pleading requirement, the "short and plain" requirement of Rule 8(a) applies. *See Swierkiewicz*, 534 U.S. at 513.

A pleading may be based on information and belief. FED. R. CIV. P. 11(b). A complaint in this form is appropriate when the matters are within the knowledge of the defendant. *See Tuchman v. DSC Comms.*, 14 F.3d 1061, 1068 (5th Cir. 1994). A plaintiff is not required to correctly specify a legal theory, so long as the plaintiff alleges facts upon which relief may be granted. *See McManus v. Fleetwood Enters.*, 320 F.3d 545, 551 (5th Cir. 2003). A complaint is not inadequate simply because an element of its claim is omitted, so long as the element may be fairly inferred from the pleading as a whole. *See Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990). Compliance with Form 18 is sufficient to plead direct infringement. *See In re Bill of Lading*, 681, F.3d 1323, 1337 (Fed. Cir. 2012).

IV.    **ARGUMENT**

    a.  **MFR Has Properly Plead Infringement.**

Plaintiff's Original Complaint should not be dismissed because Plaintiff has complied with Form 18 for patent cases. Plaintiff has non-suited its indirect infringement and systems claims, and the Original Complaint alleges sufficient facts to put Defendant on notice of the claims against Defendant and provides a plausible claim of relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S.

544, 570 (2007); *In re Bill of Lading*, 681, F.3d 1323, 1337 (Fed. Cir. 2012), (holding that compliance with Form 18 is sufficient to plead direct infringement).

Form 18 of the Federal Rules of Civil Procedure requires (1) a statement of Jurisdiction; (2) the patent number, date patent was granted, patented subject, and patent ownership; (3) that defendant has infringed the patent; (4) statement that plaintiff has complied with statutory requirement of marking and has given defendant written notice of defendant; and (5) plaintiff's demands. Here, Plaintiff's Original Complaint complies with all requirements listed in the Federal Rules of Civil Procedure and upheld by the Federal Circuit. Fed. R. Civ. P. 84, Fed. R. Civ. P Form 18; *In re Bill of Lading*, 681 F.3d 1323. Plaintiff directs the Court to its Original Complaint and addresses each element of Form 18 respectively: (1) see Plaintiff's Original Complaint ¶¶ 4-7; (2) see Plaintiff's Original Complaint ¶ 9; (3) see Plaintiff's Original Complaint ¶¶ 11-15 (omitting ¶¶ 10 and 16 which allege systems claims and inducement respectively); (4) MFR provides notice of infringement to Wendy's generally in its complaint (section on marking not included as the '750 patent is a method claim and MFR does not manufacture nor sell a product); (5) see Plaintiff's Original Complaint, PRAYER FOR RELIEF)). Because Plaintiff's Original Complaint satisfies each required element of Form 18, the Federal Rules of Civil Procedure and the Federal Circuit require that Defendant's Motion in relation to Plaintiff's allegations of direct infringement of method claims be denied.

### b. Wendy's Can and Has Directly Infringed the '750 Patent.

MFR can prove facts that would allow relief under its Original Complaint and discloses those facts below. Wendy's sole argument for dismissing MFR's claims of direct infringement of method claims is that MFR cannot prove facts that would allow the relief sought in the complaint,

4

i.e., the "claims require an additional party to complete any alleged infringement." *Def's Motion* at *2*. However, the '750 patent does not preclude a provider of a QR code from also being a user; therefore, Wendy's can directly infringe the '750 patent through its own use.

"[A] finding of infringement can rest on as little as one instance of the claimed method being performed during the pertinent time period." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301 (Fed. Cir. 2009). Further, multiple courts have recognized infringement of a patented method based on testing and demonstration. See *Aristocrat Techs. Austl. PTY Ltd. v. Int'l Game Tech.,* 709 F.3d 1348 (Fed. Cir. 2013) (recognizing that "the 'testing' theory of infringement solved Plaintiff's divided infringement problem")*; Uniloc Lux., S.A. v. eClinicalWorks, LLC,* 2013 U.S. Dist. LEXIS 183407, 2013 WL 6925804 (C.D. Cal. Aug. 29, 2013) (recognizing direct infringement of a method by demonstration and testing); *Carnegie Mellon Univ. v. Marvell Tech. Group, LTD*, Case No. 2:09-cv-00290 (W.D. Pa. Dec. 26, 2012) (recognizing infringement by testing and holding that Plaintiff could seek damages for foreign sales, on theory that sales would not have been made "but for" the infringing tests); See also *Mellon Univ. v. Marvell Tech. Group, LTD*, 2013 U.S. Dist. LEXIS 135208, 2013 WL 5332108 (W.D. Pa. Sept. 23, 2013). Therefore, if a patented method is performed by a party during the life of the patent at least one time, whether through the testing of the patented method or otherwise, direct infringement has occurred so long as every step of the patented method has been performed. *Aristocrat Techs. Austl. 709 F.3d 1348, 1362* citing *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007); *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008). Wendy's, by providing QR Codes on printed advertisements that they later scan to access programmed material using a mobile smartphone device, have performed every step of the patented method and are therefore liable for infringement of the '750 patent.

5

In *Uniloc Lux., S.A. v. eClinicalWorks, LLC*, the Court recognized the theory of direct infringement by testing and held that despite Plaintiff's failure to specifically address infringement by testing in its complaint that Plaintiffs were not barred from relying on it. *Uniloc Lux, S.A.* at 9. Here, MFR's Original Complaint does not specifically allege direct infringement by Wendy's via testing (and is not required to do so in order to allege infringement by testing), but MFR's complaint does allege that "[t]he Defendant infringes the '750 patent when the scanned QR Code provides programmed content to the user of the mobile device relating to the commercial document featuring the QR Code" thus putting Defendant on notice of its theory of infringement and not precluding a "plausible" theory of infringement based on testing. *Plaintiff's Original Complaint*, ¶ 13. Additionally, this "short and plain statement" in Plaintiff's Original Complaint goes beyond mere conclusory language and specifically states the conduct for which Plaintiff alleges Defendant infringes. See *Swierkiewicz* 534 U.S. at 512.

Courts have not only recognized the theory of infringement by testing but have upheld substantial jury awards based on this theory. In *Carnegie Mellon Univ. v. Marvell Tech. Group, LTD*, a jury awarded over $1.169 Billion due to Defendant's sales cycle in which Defendant performed the infringing method in simulations. See *Carnegie Mellon Univ.* Case No. 2:09-cv-00290. The District Court in this case held that Plaintiff could seek damages for otherwise non-infringing use, i.e. foreign sales, on the theory that sales would not have been made but for the infringing tests. *Id.* This jury verdict has been upheld by subsequent decisions of the *Carnegie Mellon Univ.* Court and is subject to enhancement due to willfulness. *See Carnegie Mellon Univ.*, 2013 U.S. Dist. LEXIS 135208, 2013 WL 5332108. Therefore, not only is Wendy's subject to a theory of direct infringement via testing, it is also potentially liable for damages that would not have occurred but for the testing of the '750 patent.

6

In response to MFR's allegations of direct infringement of method claims, Wendy's motion only refutes MFR's allegations of "scanning said machine recognizable feature." *Def's Motion at 5*. Addressing this refuted element as it pertains to Claim 126, MFR maintains that Wendy's has printed a machine recognizable feature within a commercial document (including but not limited to printing QR codes on Wendy's product packaging) and has scanned said machine recognizable feature resulting in the transmittal of data associated with said QR Code (by scanning the QR Codes on its advertising and product packaging to ensure the programming material is displayed correctly) during its testing, demonstration, implementation, and quality control of its QR Code advertising campaign. The completion of Claim 126 by Wendy's is demonstrated by the effective and functional operation of the QR Code system maintained by Wendy's as well as established business practices and norms in implementing new products, services, and/or advertising. While this evidence is, for now, admittedly circumstantial, "[i]t is hornbook law that direct evidence of a fact is not necessary. 'Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence.'" *Moleculon Research Corp. v. CBS, Inc*., 793 F.2d 1261, 1272 (Fed. Cir. 1986) quoting *Michalic v. Cleveland Tankers, Inc.,* 364 U.S. 325, 330, 81 S. Ct. 6 (1960).

Furthermore, direct evidence is not required at the pleading stage as a pleading may be based on information and belief. FED. R. CIV. P. 11(b). A complaint based upon information and belief is appropriate when the matters are within the knowledge of the defendant as is presently the situation. *See Tuchman v. DSC Comms.*, 14 F.3d 1061, 1068 (5th Cir. 1994). Here, Plaintiff has met and exceeded this evidentiary pleading standard of "information and belief" by providing additional facts in its complaint but, even if Plaintiff's complaint was based on information and

7

belief, such complaint would be sufficient given that the matters of testing, demonstration, and maintenance are within the knowledge of the defendant.

Therefore, Wendy's can and does directly infringe the method claims of the '750 patent during the testing and implementation of its QR Code advertising campaign. Because Wendy's can infringe under this theory, Plaintiff has pleaded a plausible theory of relief and Defendant's Motion To Dismiss should be denied.

## V. CONCLUSION

Plaintiff has met and exceeded the pleading standards outlined above and has pleaded a plausible, if not probable, claim for relief against Wendy's. Wendy's claims of factual impossibility are misguided as the '750 patent does not prohibit a provider of QR codes from also being a user. For these reasons Plaintiff requests that Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim, be in all things denied.

Dated: July 30, 2014

Respectfully submitted,

By: */s/ Justin Kaplan*
**Parikh Law Group, LLC**
Justin Kaplan
Illinois Bar No.: 6298464
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606 (312) 725-3476 (tel.) **ATTORNEY FOR PLAINTIFF MARSHALL FEATURE RECOGNITION, LLC**

*Of counsel:*

By: */s/ Austin Hansley*
**AUSTIN HANSLEY P.L.L.C.**

8

Austin Hansley
Texas Bar No.: 24073081
5050 Quorum Dr. Suite 700
Dallas, Texas 75254
Telephone:   (469) 587-9776
Facsimile:   (855) 347-6329
Email: Austin@TheTexasLawOffice.com
www.TheTexasLawOffice.com
**ATTORNEY FOR PLAINTIFF
MARSHALL FEATURE
RECOGNITION, LLC**

## CERTIFICATE OF SERVICE

I, Justin Kaplan, an attorney, hereby certify that on July 30, 2014, I caused to be electronically filed the foregoing **Plaintiff's Response to Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(6)** by using the CM/ECF system, which sent a notice of electronic filing to all parties of record.

/s/      Justin Kaplan