IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARSHALL FEATURE RECOGNITION, LLC | )<br>)<br>) No. 14-cv-00865<br>)<br>Plaintiffs, )<br>v. ) Judge Sharon Johnson Coleman<br>)<br>WENDY'S INTERNATIONAL, INC., )<br>)<br>)<br>)<br>Defendant. ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Marshall Feature Recognition, LLC ("MFR") filed a single-count Complaint alleging infringement of its patent seeking monetary and injunctive relief. Defendant Wendy's International, Inc. ("Wendy's") filed a motion to dismiss the Complaint for failure to state a claim upon which relief can be granted. For the reasons stated herein, Wendy's motion to dismiss is denied.

**BACKGROUND**

MFR alleges in its Complaint that it has a legal and duly issued patent under No. 6,886,750, entitled "Method and Apparatus for Accessing Electronic Data Via a Familiar Printed Medium" (the " '750 patent"). The '750 patent provides a

> "system for displaying programming to a user, the system comprising: a printed commercial document having at least one machine recognizable feature; a feature recognition unit having associated therewith a means for recognizing said feature and a means for transmitting a coded signal in response to the recognition of said feature; an intelligent controller having associated therewith a means for accessing said programming material in response for

1

receiving said coded signal; and a display unit presenting said programming material." Dkt 1, ¶ 10.

According to the Complaint, Wendy's "owns, operates, advertises, controls, sells, and otherwise provides systems that infringe the '750 patent." *Id.*

MFR explains in its Complaint that QR Codes are features that can be recognized by smartphones when users scan the QR Code using a barcode scanner application to communicate with the QR Code, which is on Wendy's printed advertisement. The user is then able to "obtain programmed information relating to the advertisement." Scanning the QR Code initiates a command sequence that accesses material that Wendy's programmed into the code to download Wendy's advertising material from the Internet. Dkt 1 ¶ 15. MFR also alleged inducement infringement under 35 U.S.C § 271(b).

MFR filed a motion for leave to amend its complaint on June 25, 2014, after the Court granted MFR two extensions to respond to Wendy's motion to dismiss. MFR stated in its motion that it sought to amend so that it might address the issues raised in Wendy's motion to dismiss and the Supreme Court's decision in *Limelight Networks v. Akamai Technologies, Inc.*, and to add new matter. The Court denied MFR's motion to amend its complaint, partly due to MFR's delay in responding to Wendy's motion, and also because Wendy's would suffer prejudice since MFR sought to amend its theory of infringement to include theories of testing and demonstration and attempted to assert an additional patent.

**LEGAL STANDARD**

When considering a motion to dismiss in a patent case, district courts apply the substantive law of the regional circuit. *McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). To survive a 12(b)(6) motion, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A "short and plain" statement

requires the plaintiff to provide sufficient facts to plausibly suggest that the allegations could have occurred, and to give fair notice to the defendant as to what the complaint is about. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007).

**DISCUSSION**

**Direct Infringement**

Direct infringement claims are governed by 35 U.S.C. § 271(a), which provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention … during the term of the patent therefore, infringes the patent." Form 18 in the Appendix to the Federal Rules of Civil Procedure provides that a complaint sufficiently states a cause of action for direct infringement if it includes: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages. *See McZeal,* 501 F.3d at 1357; *see also* Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.")

Here, MFR fulfilled all five requirements provided for in Form 18. MFR alleges, first that its claims for patent infringement are brought pursuant to United States patent law, specifically 35 U.S.C. § 271, and that this Court has personal jurisdiction over Wendy's. Dkt 1, ¶¶ 4-5. Second, MFR alleges that it is the owner by assignment of the '750 patent. Third, MFR makes various allegations of infringement in its Complaint, including that

> "Defendant has infringed and continues to infringe one or more claims of the '750 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for accessing electronic data. Particularly, Defendant requires and/or directs users to access and/or use Quick

3

Response Codes ("QR Codes") printed on Defendant's commercial advertisements, in a manner claimed in the '750 patent. Defendant infringes the '750 patent by providing printed commercial documents that have at least one machine recognizable feature i.e. a QR Code." *Id.* at ¶ 11.

MFR also alleges that Wendy's infringes by "providing QR Codes on printed commercial advertisements to be used by viewers for accessing programmed material[.]" *Id.* at ¶ 12. "The user's device then downloads, via the Internet, the programmed data indicative of the QR Code (for example, data indicative of Defendant's products). On information and belief, this data is programmed and stored on Defendant's remote servers for access by devices that have scanned corresponding QR Codes." *Id.* at ¶ 15.

MFR meets the fourth element by alleging that Wendy's has had knowledge of its infringement since at the least the filing of this Complaint. *See id.* at ¶ 16; *see also* 35 U.S.C. § 287(a) (providing that the filing of an action can serve as notice of infringement). Finally, MFR fulfills the fifth element of Form 18 because it makes a demand for injunctive relief and damages. *See* Dkt 1, ¶¶ 18-19. Therefore, it is clear from the Complaint that MFR has satisfied the requirements of Rule 18.

Wendy's argues, however, that MFR has pleaded itself out of relief because Wendy's does not provide the feature recognition unit that is required for MFR's systems and method claims. Specifically, Wendy's alleges that it cannot directly infringement any claims in the '750 patent because it does not make, use, sell, offer for sale or import the required feature recognition unit or the required step of scanning the machine recognizable unit. MFR responds that courts recognize a theory of direct infringement by testing and argues that it has alleged that Wendy's uses its patented systems and methods for accessing electronic data. MFR also argues that it is not required to specifically plead direct infringement via testing, and that Wendy's would have to use the QR Code in order to test its functionality before making the QR Code available to its customers who would

4

later scan the QR Code to obtain and use the pre-programmed advertisement. *See Uniloc Lux., S.A. v. eClinicalWorks, LLC*, 991 F.Supp. 2d 1097 (C.D. Cal. Aug. 29, 2013).

Although MFR does not specifically allege that Wendy's directly infringes its '750 patent by testing or demonstrating the claimed systems and methods, MFR does allege that Wendy's infringes the '750 patent by "making, *using*, providing, offering to sell, and selling … systems and methods for accessing electronic data." (Emphasis added.) Dkt 1, ¶ 11. Wendy's is correct that, as pleaded, another is required to complete any alleged infringement. This deficiency is not enough, however, for the Court to rule that MFR has failed to state a claim for direct infringement upon which relief can be granted, particularly considering that MFR has satisfied the requirements of Form 18. *See e.g., Radiation Stabilization Solutions LLC v Accuray Inc.*, No. 11-cv-07700, 2012 WL 3621256 (N.D. Ill. Aug. 21, 2012) (Coleman, J.).

**Inducement Infringement**

To state an induced infringement claim, the plaintiff must plead sufficient facts from which the Court can reasonably infer that the defendant knew of the patent and specifically intended the third party infringe the patent. 35 U.S.C. § 271(b); *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 556. While conditions of mind such as intent and knowledge may be alleged generally, the pleadings must still allege sufficient facts to support a reasonable inference of that state of mind. Fed. R. Civ. P. 9(b); *Groupon Inc., v. Mobgob L.L.C.*, No. 10 C 7456, 2011 WL 2111986, at *3 (N.D. Ill. May 25, 2011). A defendant cannot be liable for inducement infringement where there has been no direct infringement. *See* 35 U.S.C. § 271(b); *Limelight Networks, Inc. v. Akamai Technologies, Inc.*, 134 S.Ct. 2111, 2117 (2014).

MFR alleges in its Complaint that Wendy's induces infringement by performing some steps of the methods claimed by the '750 patent and by and advising, encouraging, or otherwise inducing others to perform the remaining steps. For example, MFR alleges that Wendy's "has configured the

5

QR Codes to be scanned by most smartphone devices, inducing others to perform steps claimed thereby infringing on the '750 patent." Dkt 1, ¶ 16. MFR further alleges that Wendy's knew of the patent at least as of the time of filing the Complaint and continues to infringe the patent. MFR provided sufficient facts to allege knowledge and intent generally. While MFR's allegations are not detailed, they are enough to survive dismissal.

**CONCLUSION**

The Court denies Wendy's motion to dismiss.

IT IS SO ORDERED.

_____
Date: March 4, 2015

Sharon Johnson Coleman
United States District Judge