## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARSHALL FEATURE RECOGNITION, LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 14-cv-865 |
| WENDY'S INTERNATIONAL, INC., | ) ) | Judge Sharon Johnson Coleman |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Marshall Feature Recognition, LLC ("Marshall") filed a one count first amended complaint alleging Wendy's International, Inc. ("Wendy's") infringes their patent by including quick response bar codes on their print advertisements and marketing materials. Marshall now moves for leave to file a second amended complaint. For the reasons stated below, the Court grants the motion.

## Background

Marshall claims it seeks leave to file a second amended complaint for the purpose of substituting the word "Texas" for the word "Illinois" in paragraph 2 of the complaint. That paragraph states "Plaintiff Marshall Feature Recognition, LLC is a limited liability company organized under the laws of the State of Illinois. Plaintiff maintains its principal place of business at 104 East Houston Street, Suite 170, Marshall, Illinois 75760." Dkt. 46, ¶2. Marshall asserts that the allegations in paragraph 2 that Marshall is an Illinois entity with a principal place of business in Illinois were misstatements caused by a clerical error.

**Legal Standard**

A court should "freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P 15. "Reasons for finding that leave should not be granted include 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . .'" *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

When leave to amend a complaint is sought for the purpose of substituting the named plaintiff for the real party in interest, Rule 17(a) (3) provides that a court should permit such substitution if it is sought within a reasonable time after an objection to the named plaintiff has been raised. Fed. R. Civ. P. 17(a)(3). This provision applies only where "substitution of the real party in interest is necessary to avoid injustice," 6A Charles Alan Wright et al., *Federal Practice & Procedure* § 1555 (3d ed.), such as when commencement of the action by the wrong party is an honest, excusable mistake, *E.E.O.C. v. J.D. Streett & Co.,* No. 05-CV-4186-JPG, 2006 WL 3076667, at *3 (S.D. Ill. Oct. 30, 2006) (citing *Feist v. Consolidated Freightways Corp.,* 100 F.Supp.2d 273, 277–80 (E.D.Pa.1999), *aff'd,*216 F.3d 1075 (3d Cir.2000)).

**Discussion**

Marshall moves for leave to file a second amended complaint on the basis that amending the complaint will not change the substance of the case and will not cause undue delay or prejudice. Dkt. 55, ¶ 6. Wendy's opposes the motion to amend on two grounds. First, Wendy's argues that there is no subject matter jurisdiction because the named plaintiff, Marshall the LLC organized under the laws of Illinois ("Marshall of Illinois"), lacked standing when it filed this case. Dkt. 59 at 5-6. Second, Wendy's argues that it would be futile to allow Marshall to amend the complaint because the alleged real party in interest, Marshall the LLC organized under the laws of Texas

("Marshall of Texas"), also lacked standing when this case was filed in February 2014 since its privileges as an LLC were revoked in 2008 and were not reinstated until August 2014. Dkt. 59 at 8. Because the Court agrees it would be futile to allow Marshall to amend the complaint if the amendments would not cure a lack of jurisdiction, the Court will address Wendy's second argument first.

In deciding whether to grant Marshall's request for leave to amend, the Court must determine as a threshold matter whether Texas, Illinois or federal law controls the question of Marshall's capacity to sue under Rule 17(b). At oral argument, both parties contended that the inquiry begins with Texas law and they would be correct if Marshall was a corporation at the time the suit was filed because its capacity to sue would be determined "by the law under which it was organized" pursuant to 17(b)(2). *Id.* However, neither party maintains that Marshall was ever a corporation. Wendy's asserts that Marshall is not a legally cognizable entity at all, and Marshall claims it is either a limited liability company or an unincorporated association. Consequently, 17(b)(2) does not apply.

Because Marshall is a non-corporate entity, its capacity to sue is determined under the law of "the state where the court is located." Fed. R. Civ. P. 17(b)(3). Under Illinois law, a voluntary unincorporated association may sue in its own name. 735 ILCS 5/2-209.1. A "voluntary unincorporated association" is defined as "any organization of 2 or more individuals formed for a common purpose, excluding a partnership or corporation." Marshall had the capacity to sue in this Court in February 2014 because it met the definition of a voluntary unincorporated association under Illinois law. Therefore the Court finds no futility in allowing Marshall to amend its complaint to properly identify itself as a Texas entity. The next consideration is whether the misstatements in the original complaint and first amended complaint strip this Court of subject matter jurisdiction over this case.

Wendy's relies primarily on *Gaia Techs., Inc. v. Reconversion Techs., Inc.,* 93 F.3d 774 (Fed. Cir. 1996) for its argument that this court lacks subject matter jurisdiction. In *Gaia Tech.,* the plaintiff sued for patent infringement of four patents that it did not own at the time the suit was filed. 93 F.3d at 779-80. The patents were only assigned to the plaintiff after commencement of the suit. *Id.* The court dismissed the case because it found that "[a]bsent legal title of the [patents], Gaia lacked standing to bring . . . claims against the defendants." *Id.* at 780. Wendy's also cites *DePuy, Inc. v. Zimmer Holdings, Inc.,* 384 F. Supp. 2d 1237 (N.D. Ill. 2005) for the proposition that a plaintiff must show it owned the patent on which the suit is based at the time the complaint is filed.

Marshall argues that *Gaia* and *DePuy* are distinguishable because in those cases wholly different entities actually owned the patent in question at the time the case was filed. Marshall asserts the Court should instead look to cases regarding misnomer of the plaintiff, namely *Hilgraeve Corp. v. Symantec Corp.,* 212 F.R.D. 345 (E.D. Mich. 2003) and *Hemphill Contracting Co. v. United States,* 34 Fed. Cl. 82 (1995). This Court agrees.

In *Hilgraeve* and *Hemphill,* plaintiffs were granted leave to amend their complaints in order to correct an error in naming the plaintiff. *Hilgraeve,* 212 F.R.D. at 349; *Hemphill,* 34 Fed. Cl. at 86. In *Hilgraeve* the plaintiff sued under the name "Hilgraeve Corporation" when in reality the correct legal name of the entity was "Hilgraeve, Inc." 212 F.R.D. at 346. In *Hemphill* the plaintiff filed suit under the name "Hemphill Contracting Company" when the legal name of the entity was actually "Hemphill Contracting Co." 34 Fed. Cl. at 83.

The court in *Hilgraeve* permitted the filing of an amended complaint in part because there was no evidence that changing the complaint would mean the entity bringing the suit would change in substance rather than just in name. 212 F.R.D. at 348. For this reason, it found distinguishable cases where a party sues for patent infringement even though at the time the complaint is filed a different entity (that actually exists) owns the patent. *Id.* at 347-48. The court also noted that "common sense"

indicated that the named party and the real party in interest, although having different names, were one in the same. *Id.* at 348. The reasoning in *Hemphill* is similar and the outcome the same. 34 Fed. Cl. 85-86.

As in *Hilgraeve* and *Hemphill,* here the mistake contained in the complaint is excusable. It is unlikely Marshall intentionally misstated the location of its business when there was no apparent advantage to alleging it was an Illinois company. *See Hemphill Contracting Co. v. United States,* 34 Fed. Cl. 82, 86 (1995) ("It is unlikely that plaintiff intentionally misnamed itself in the complaint because, as is evident from the instant motion to dismiss, the mistake could only hurt plaintiff."). What is clear is that Marshall's drafting and review of the complaint was shoddy. That insertion of "Illinois" in paragraph 2 was a clerical error is suggested by the following: (1) the nonexistence of an East Houston Street in Marshall, Illinois, (2) the existence of an East Houston Street in Marshall, Texas where Marshall's principal place of business is actually located, and (3) the inclusion of a Texas zip code in the address, albeit one containing another clerical error, since it transposed two numbers of a Marshall zip code and thus reads as a zip code for Cushing, Texas. Furthermore, there is no evidence that the party described in the complaint and the real party in interest are not substantively one in the same.

The Court is persuaded by the reasoning of the courts in *Hilgraeve* and *Hemphill* and is unaware of any authority in the Seventh Circuit that rejects, modifies, or undermines their approach to resolving the issue of a misnamed party. Furthermore, denying Marshall an opportunity to obtain a decision on the merits due to a clerical error would not serve the interests of justice and thus would violate the principles behind Rules 15 and 17.

**Conclusion**

For the foregoing reasons, Plaintiff's motion for leave to file a second amended complaint [55] is granted.

IT IS SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Judge

DATED:  October 15, 2015