IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARSHALL FEATURE RECOGNITION, LLC<br><br>**Plaintiff,**<br><br>v.<br><br>WENDY'S INTERNATIONAL, INC.<br><br>**Defendant.** | CIVIL ACTION NO. 14-CV-865<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff Marshall Feature Recognition, LLC ("Plaintiff" or "MFR"), by and through its undersigned counsel, files this Second Amended Complaint against Defendant Wendy's International, Inc. ("Wendy's") as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action for Defendant's infringement of Plaintiff's United States Patent No. 6,886,750 entitled "Method and Apparatus for Accessing Electronic Data Via a Familiar Printed Medium" (the "'750 patent"; a copy of which is attached hereto as Exhibit A). MFR is the owner by assignment of the '750 patent. MFR is majority controlled by the inventors of the '750 Patent. The inventors Spencer A. Rathus, Lois Fichner- Rathus and Jeffrey S. Nevid, have been operating MFR since 2004. MFR seeks monetary damages.

### PARTIES

2. Plaintiff Marshall Feature Recognition, LLC is a limited liability company organized under the laws of the State of Texas. Plaintiff maintains its principal place of business at 104 East Houston Street, Suite 170, Marshall, Texas 75760.

3. Upon information and belief, Defendant Wendy's is a business organized and

existing under the laws of the State of Ohio, with its principal place of business located at 1 Dave Thomas Blvd., Dublin, OH 43017. Wendy's conducts business in the State of Illinois and its Registered Agent for service of process is Illinois Corporation Services C, 801 Adlai Stevenson Drive, Springfield, IL 62703.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § *et seq.*, including 35 U.S.C. § 271, 281, and 284-85, among others. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §1331 and §1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant is present within or has minimum contacts with the State of Illinois and the Northern District of Illinois; Defendant has purposefully availed itself of the privileges of conducting business in the State of Illinois and in the Northern District of Illinois; Defendant has sought protection and benefit from the laws of the State of Illinois; Defendant regularly conducts business within the State of Illinois and within the Northern District of Illinois; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Illinois and in the Northern District of Illinois.

6. More specifically, Defendant, directly and/or through authorized intermediaries, uses, ships, distributes, offers for sale, sells, and/or advertises products and services in the United States, the State of Illinois, and the Northern District of Illinois including but not limited to the Accused Instrumentalities as detailed below. Defendant derives substantial revenue from goods and services provided to individuals in Illinois and in this district.

7. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§1391 and 1400(b). On information and belief, Defendant has transacted business in this district, and has directly committed acts of patent infringement in this district.

## COUNT I– INFRINGEMENT OF U.S. PATENT 6,886,750

8. MFR refers to and incorporates herein the allegations of Paragraphs 1-7 above.

9. The '750 patent was duly and legally issued by the United States Patent and Trademark Office on May 3, 2005, after full and fair examination. Plaintiff is the owner by assignment of the '750 patent and possesses all rights of recovery under the '750 patent, including the exclusive right to sue for infringement and recover past damages.

10. Defendant uses, owns, operates, advertises, controls, sells, and/or otherwise provides methods that infringe the '750 patent. The '750 patent provides, among other things, "a method of providing a user access to programming material, comprising the steps of: (1) printing a machine recognizable feature within a commercial document; (2) scanning said machine recognizable feature of said commercial document; and (3) transmitting data associated with said machine recognizable feature via a communication link to access said programming material, wherein said programming material is related to said commercial document."

11. Defendant directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale methods for accessing electronic data via a familiar printed medium that infringed one or more claims of the '750 patent in this district and elsewhere in the United States. Particularly, Defendant makes, uses, provides, offers for sale, and sells their products entitled Wendy's QR Codes ("Accused Instrumentality"), and the use thereof by Wendy's directly infringes the '750 patent. Defendant

has at least made and/or used the Accused Instrumentality in a manner which directly infringes the '750 patent, directly or through their agents for purposes of QR code development, testing, quality assurance, deployment, and maintenance.

12. Defendant is willfully and intentionally infringing the '750 Patent from at least the date of the filing of this lawsuit.

13. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

14. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against the Defendant, and that the Court grant Plaintiff the following relief:

A. A judgment in favor of Plaintiff that Defendant has directly infringed one or more of the claims of the '750 patent;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C. That, should Defendant's acts of infringement be found to be willful from the time that Defendant became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

E. Any further relief that this Court deems just and proper.

Dated: November 13, 2015                                          Respectfully submitted,

By: */s/ Austin Hansley*
**AUSTIN HANSLEY P.L.L.C.**
Austin Hansley (*pro hac vice*)
Texas Bar No.: 24073081
5050 Quorum Dr. Suite 700
Dallas, Texas 75254
Telephone:     (469) 587-9776
Facsimile:     (855) 347-6329
Email: Austin@TheTexasLawOffice.com
www.TheTexasLawOffice.com

By:     /s/ Mason S. Cole
        Mason S. Cole
        Cole Sadkin, LLC
        20 South Clark Street, Suite 500
        Chicago, IL 60603
        colesadkin.com
        (312) 548-8610
        mcole@colesadkin.com

**ATTORNEYS FOR PLAINTIFF MARSHALL FEATURE RECOGNITION, LLC**

## CERTIFICATE OF SERVICE

I, Austin Hansley, an attorney, hereby certify that on November 13, 2015, I caused to be electronically filed the foregoing **Plaintiff's Second Amended Complaint** by using the CM/ECF system, which sent a notice of electronic filing to all parties of record.

*s/ Austin Hansley*
Austin Hansley