# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARSHALL FEATURE RECOGNITION, LLC, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 14-cv-865 |
| v. | ) ) ) Judge Sharon Johnson Coleman |
| WENDY'S INTERNATIONAL, INC. | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM ORDER AND OPINION

Plaintiff, Marshall Feature Recognition, LLC ("MFR") filed a one count amended complaint against Wendy's International Inc. ("Wendy's") alleging patent infringement under 35 U.S.C. § 271. This Court dismissed MFR's complaint on April 27, 2016 for want of prosecution. MFR moves for reconsideration pursuant to Rules 60(b) and 59(e). The Court denies the motion.

## Background

MFR is a limited liability company organized and located in Texas. (Dkt. 78 ¶ 2.) On February 7, 2014, MFR filed a patent infringement claim seeking monetary and injunctive relief. (Dkt. 1 ¶ 4.) During the ensuing proceedings, this Court referred the case to a magistrate judge for discovery and settlement supervision. (Dkt. 37.) On October 30, 2015, this Court granted Justin Kaplan's motion to withdraw as MFR's counsel, and accepted Austin Hansley's application to appear pro hac vice as new lead counsel for MFR. (Dkt. 77.) Mr. Hansley's place of business is in Dallas, Texas and his firm does not have an office within this district. (Dkt. 62 at 2.) Accordingly, two attorneys from the firm Cole Sadkin in Chicago filed appearances to serve as local counsel. (Dkts. 60, 61.)

1

On December 3, 2015, no counsel for MFR appeared for a status hearing in front of the magistrate judge. (Dkt. 80.) On January 4, 2016, this Court asked the parties to consider available trial dates and notify the courtroom deputy of their selection. (Dkt. 83.) The parties never confirmed a trial date. At a status hearing on March 17, the parties reported that they might engage in settlement discussions. (Dkt. 84.) However, at the next status hearing on April 7, local counsel for MFR ("local counsel") and Wendy's reported that neither party had been able to reach lead counsel for MFR ("lead counsel") since the last status hearing. (Dkts. 85, 93.) The magistrate judge noted that a motion to dismiss for want of prosecution might be in order. (Dkt. 93 at 4-5.) On April 11, Wendy's informed this Court that lead counsel continued to be unresponsive. (Transcript of April 11, 2016 Hearing at 2-3.) The Court attempted to contact lead counsel by phone in open court, and was not able to make contact with a live person at lead counsel's office; it could only reach an automated voicemail system. (*Id.* at 4.) The Court noted its agreement with the magistrate judge's statement that a motion to dismiss for want of prosecution might be appropriate. (*Id.* at 6.) Then, at the April 14 status hearing, Wendy's stated it was considering filing a motion to dismiss for want of prosecution and local counsel stated it intended to file a motion to withdraw. (Dkt. 87.) Local counsel did in fact file a motion to withdraw on April 18, citing lead counsel's unresponsiveness as the basis for the motion. (Dkt. 88.) This Court heard the motion and granted it on April 27. (Dkt. 90.) At the same hearing, both local counsel and Wendy's informed this Court that they continued to be unable to reach lead counsel. (Transcript of April 27, 2016 Hearing at 2.) Additionally, the parties informed the Court that MFR had missed the April 18, 2016 discovery deadline for final infringement contentions. (*Id.* at 3.) Based on these circumstances, this Court dismissed the case for want of prosecution. (Dkt. 90.) On May 25, MFR moved for the dismissal to be vacated under Rule 59(e) or 60(b). (Dkt. 95.)

**Legal Standard**

"A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (internal quotations omitted). "Vacating a judgment under Rule 60(b) is permissible for a variety of reasons including mistake, excusable neglect, newly discovered evidence, and fraud." *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006). Although the two rules are similar, the threshold of proof for the moving party is lower under Rule 59(e) than under Rule 60(b). *Cincinnati Life*, 722 F.3d at 953. Under either rule, "[t]he motion for reconsideration is not an opportunity for a party to correct its own procedural failures or introduce evidence that should have been brought to the attention of the court prior to judgment." *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.,* 188 F.3d 427, 439 (7th Cir. 1999).

**Discussion**

MFR first argues that the case should be reinstated pursuant to Rule 60(b) because the motion to withdraw inaccurately states that lead counsel has been unresponsive since July 2015. (Dkt. 96 at 6.) MFR claims that lead counsel's office contacted local counsel on multiple occasions between July 2015 and the present. (*Id.*) This argument is unpersuasive because it assumes, incorrectly, that the Court based its decision to dismiss entirely on the motion to withdraw. To the contrary, the Court dismissed the action based on the record as a whole, which reflects the failure of lead counsel to prosecute the case from the March 17, 2016 hearing to the time of dismissal.

MFR concedes that there were "missed communications" between lead counsel and local counsel around March and April 2016, but argues that these are attributable to MFR's counsel rather than MFR. (Dkt. 96 at 6.) Therefore, because the client did not delay the case, dismissal was not appropriate. (*Id.*) However, when a plaintiff voluntarily chooses an attorney as a representative in a

3

dispute, they cannot then "avoid the consequences of the acts or omissions of this freely-selected agent." *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 611 (7th Cir. 1986). "It has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client." *Id.* The Court therefore rejects this argument.

MFR then argues that the dismissal should be vacated because the Court based its decision on a docket sheet that contains factual errors, since the April 14, 2016 minute entry incorrectly states that "[d]efendant has served certain written discovery and produced certain discovery," when in fact MFR was the only party that served discovery requests and produced documents. (*Compare* Dkt. 87 *with* Dkt. 94 at 2.) However, the Court was aware that it was plaintiff, not defendant that had served discovery. Nonetheless, it took issue with the fact that discovery on the case had been underway for over a year and MFR served its first set of interrogatories just one night before the April 11, 2016 status hearing. (Transcript of April 11, 2016 Hearing at 7-8.)

MFR further argues the case should be reinstated under Rule 59(e) because it "adequately prosecuted its case under Seventh Circuit law." (Dkt. 96 at 8.) MFR contends that it prosecuted its case against Wendy's by preparing and filing a Second Amended Complaint on November 23, 2015; negotiating the scheduling order in December 2015; serving discovery requests and producing documents in April of 2016; and regularly attending status and motion hearings throughout the entirety of the case. (*Id.* at 6, 8.) To the contrary, MFR's unexplained absence from the December 3, 2015 status hearing, last minute discovery, missed April 18, 2016 deadline for final infringement contentions, and lead counsel's failure to communicate with local counsel supports the Court's decision to dismiss the case. While local counsel physically appeared in court on behalf of MFR leading up to the dismissal, it cannot be said the case was meaningfully prosecuted, as local counsel was without any guidance from lead counsel on how to proceed with the action.

MFR contends that its "missed communications" in March and April 2016 amount to an isolated incident rather than a "clear pattern of delay" as is required for dismissal. (Dkt. 96 at 5-6.) The Court does not agree that the record shows only an isolated incident of delay. Local counsel and Wendy's represented not that there were some "missed communications," but rather that lead counsel was entirely unreachable for a period of about six weeks. Whatever staffing difficulties lead counsel was experiencing at that time does not excuse a total inability to respond to phone calls or emails for several weeks on end. Such behavior on the part of an attorney is inexcusable.

If lead counsel were paying even a minimal amount of attention to the docket in this case, it would have noticed several red flags indicating it needed to step up its involvement. First, the parties were supposed to meet and confer on available trial dates in January, but a trial date was never set. (Dkt. 83.) Then, the magistrate judge noted on the record that local counsel and Wendy's were reporting that they could not reach lead counsel. (Dkt. 85.) One week later it was noted on the record that Wendy's was contemplating filing a motion to dismiss for want of prosecution (Dkt. 87.) Finally, local counsel noticed up a motion to withdraw. (Dkt. 88.) An even minimally zealous advocate might have thought it prudent to appear, whether by phone or in person, at the April 27 hearing to assure the Court that even if local counsel withdrew, lead counsel was prepared to pursue the case. But lead counsel did no such thing. Instead, lead counsel waited nearly a month after the case was dismissed to file a motion to vacate. What is more, lead counsel did not even appear in court to present its motion to vacate the dismissal, sending instead MFR's new local counsel. Having filed an appearance only the day before, new local counsel had very little to offer the Court by way of explanation or apology for the delay caused by lead counsel's near-total absence from the case in March and April. For these reasons, the record reveals a clear pattern of delay and lack of diligence by MFR's lead counsel.

**Conclusion**

MFR delayed the Court's calendar every time local counsel appeared in court with no direction from lead counsel. This conduct prejudiced Wendy's by forcing them to devote time, money, and resources to repeated court appearances that did not advance the case. Accordingly, the Court was justified in dismissing the case for want of prosecution. MFR's motion to reconsider is denied.

July 25, 2016

Sharon Johnson Coleman
United States District Court Judge