# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Marshall Feature Recognition, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-cv-00865 |
| | ) | |
| Wendy's International, Inc. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

The Court finds that Marshall Feature Recognition's ("MFR") Rule 59 motion for new trial [126] was not properly brought because there was no trial. The Court will treat MFR's motion as a motion to reconsider the Court's order awarding Wendy's International ("Wendy's") attorney's fees [124] and its October 25, 2016 entry of judgment reflecting that award [125]. The Court's decision to treat it as such is based on the purported miscommunication about Austin Hansley's (lead counsel for MFR) motion to withdraw. The Court now recognizes that MFR asked local counsel, Mathias Civil Justice, PLLC ("Mathias"), to be its primary counsel; the motion to withdraw [122], however, was filed after the October 21, 2016 hearing on attorney's fees.[1] The Court notes that the motion to withdraw was delayed numerous times despite the known issues affecting Mr. Hansley's ability to represent MFR.

A hearing on MFR's motion to reconsider [126] was held on November 15, 2016. Mathias and counsel for Wendy's were present at the hearing. After hearing oral argument, reviewing the parties' various filings, and reviewing the docket, the Court finds that no further briefing is necessary on MFR's motion.

---

[1] The Court vacates its previous order striking as moot the motion to withdraw [124].

First, the Court rejects MFR's claim of inadequate notice of the October 21, 2016 hearing. MFR's claim of inadequate notice is not supported by the record. On October 7, 2016, Mathias and counsel for Wendy's were present in court and Mr. Hansley, MFR's lead counsel, was present telephonically. At that hearing, the Court made clear that 1) it would award attorney's fees to Wendy's; 2) that the parties were to meet and confer about the appropriate amount of fees; 3) that if the parties were unable to reach an agreement, they were to each file a report regarding the amount of fees; and 4) that if no agreement was reached, the parties were to be present in court on October 21, 2016 at 9:00 AM. A docket entry also made reference to October 21 although the time was not listed. Wendy's filed its attorney's fees report [120] on October 19, 2016.

Only counsel for Wendy's was present at the October 21 hearing. Neither lead nor local counsel for MFR made contact with the Court prior to the 9:00 AM call. MFR failed to appear at this hearing – a hearing on attorney's fees – therefore it is not entitled to another hearing. The Court entered an order in open court awarding fees as requested. Later that day, MFR filed its objections to Wendy's attorney's fees report and a motion to withdraw. The Court held that MFR's objections were untimely given that they were filed after the October 21 hearing was completed at which counsel was expected to be present.

Second, the Court finds that MFR did have opportunity to file a response to Wendy's motion for attorney's fees. Wendy's filed its motion for fees [99] on June 6, 2016. The motion was entered and continued until August 10, 2016, when the Court set a briefing schedule allowing response by August 31, 2016. MFR failed to respond by August 31. MFR did not file a motion to extend and stay briefing deadlines until September 19, 2016, nearly three weeks after the August 31 deadline. The stay was granted on September 23, 2016, due to the personal hardships that Mr. Hansley faced. Between then and the October 7 hearing, the issue of fees was not addressed due in large part to the uncertainty of Mr. Hansley's representation of MFR. The Court clearly lifted the

stay at the October 7 hearing when it issued its ruling. Between then and the October 21 hearing, no motions to withdraw, no new appearances, and no motions to reconsider were filed on MFR's behalf. The Court took this as an indication that MFR did not intend to respond to the motion for fees. MFR's argument that it was not afforded an opportunity to file a response to the motion for attorney's fees has no merit whatsoever. A review of the record shows the extent of the Court's deference to and Wendy's patience in dealing with MFR's case.

Third, over MFR's objections, the Court finds that this case is "exceptional" within the meaning of 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756, 188 L.Ed.2d 816 (2014). The Court may determine whether a case is "exceptional" based on its discretion, considering the totality of the circumstances. *Id.* MFR made arguments that were foreclosed by the Court, and MFR's conduct before this and other courts strongly suggests MFR's goal in filing this action was settlement. Alone, these two observations support the Court's finding that the case is exceptional. *See, e.g., Chicago Bd. Options Exch., Inc. v. Sec. Exch., LLC*, No. 07 C 623, 2014 WL 6978644, at *5 (N.D. Ill. Dec. 10, 2014) (Lefkow, J.) (finding a case to be "exceptional" where party made arguments that had been foreclosed by previous rulings); *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1326 (Fed. Cir. 2011) (party filed multiple, nearly identical patent cases and immediately offered settlements for less than the cost of mounting a defense). In addition, MFR failed to file final infringement contentions, failed to communicate with Wendy's even after multiple judges warned MFR about a possible dismissal for want of prosecution, was uncooperative throughout discovery, and failed to engage in meaningful settlement discussions. The Court, in its sound discretion, finds that the totality of the circumstances renders this case exceptional. The Court certainly has never seen another case like it.

The Court further rejects MFR's claim that the award of fees is a sanction. Pursuant to 35 U.S.C. § 285, Wendy's moved for attorney's fees which this Court awarded based on the petition presented. MFR's contention is without merit.

Finally, the Court addresses MFR's contention that responsibility for the fees should be shifted to MFR's attorneys. Once again, the Court's order [124], [125] is clear - MFR is to pay Wendy's its rightfully owed attorney fees. MFR failed to appear at the hearing on attorney's fees and failed to file timely objections. The Court is not addressing MFR's options in other forums, therefore, if MFR so chooses, it may pursue relief against its counsel elsewhere.

**Conclusion**

For the foregoing reasons, MFR's motion [126] is denied.


IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: November 16, 2016